526 A.2d 443

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David Allen KUNSELMAN.**

Superior Court of Pennsylvania.

Argued April 28, 1987.

Filed May 27, 1987.

Michael R. Cauley, Assistant District Attorney, Erie, for Com., appellant.

Bruce L. Getsinger, Erie, for appellee.

Before CIRILLO, President Judge, and MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

On November 12, 1985, appellee pled guilty to charges of homicide by vehicle while driving under the influence, involuntary manslaughter, recklessly endangering another person, homicide by vehicle, and other related charges. On February 11, 1986, he was sentenced to serve a mandatory term of imprisonment, pursuant to 75 Pa.C.S.A. § 3735, of three (3) to six (6) years for the crime of homicide by vehicle while driving under the influence. Other sentences were imposed to run concurrently with the three (3) to six (6) year sentence.

By letter dated February 25, 1986, the lower court notified the district attorney and appellant's counsel that it was modifying the sentence to one and one-half (11/2) to three (3) years imprisonment to ensure that appellant could serve his sentence in Erie County. This change was reflected on the original sentencing Order by having the three (3) to six (6) year sentence crossed out and the one and one-half (11/2) to three (3) year sentence inserted. The Commonwealth then filed a motion to modify sentence which was denied on April 1, 1986. This Commonwealth appeal followed.

The Commonwealth's only argument on appeal is that the lower court erred in not following the mandatory sentencing provisions of 75 Pa.C.S.A. § 3735 for the charge of homicide by vehicle while driving under the influence. Section 3735 provides:

(a) **Offense defined.**—Any person who unintentionally causes the death of another person as the direct result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and who is

convicted of violating section 3731 is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a *minimum* term of imprisonment of not less than three years.

(b) **Applicability of sentencing guidelines.**—The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory penalty of this section.  (emphasis added)

We believe the import of § 3735 is quite clear; a defendant convicted of homicide by vehicle while driving under the influence of alcohol must serve a *minimum* of three years imprisonment.  In Pennsylvania, the only way this outcome can be assured is by designating three years as a defendant's *minimum* sentence.  In the instant action, the court below imposed a minimum sentence of less than three years and a *maximum* sentence of three years.  The court stated that it felt such a sentence was in compliance with § 3735 because the defendant would still be required to serve a minimum of three years.

> [T]he Parole Board simply cannot release this defendant until he has served the entire three years.  To do otherwise would place them in contravention with the Motor Vehicle Code which requires that they serve a minimum term of imprisonment of not less than three years.  This court must assume that the paroling authorities will comply with the law.

(Slip Op., Nygaard, J., 4/1/86, pp. 2, 3).

The lower court shows a disregard for the legislative mandate and a misconception of his authority and the power and responsibility of the parole board.

The lower court correctly recognized the mandatory nature of § 3735 which requires a three year minimum sentence, however, it improperly shifted the onus of enforcement to the parole board.  While we understand the court's reasons for wanting to ensure that appellant serve his time in a county prison system due to his young age, the court

simply has no discretion to sentence appellant to anything but a three year minimum sentence of incarceration.

In *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985), we held, in passing on this provision of the Code, that section 3735(a) is constitutional. We went further and stated: "Although it is the judiciary's function to impose sentence upon conviction, it is for the legislature to establish criminal sanctions and, as one of its options, *it may prescribe a mandatory minimum term of imprisonment.*" (emphasis added) *Id.*, 339 Pa.Superior Ct. at 39, 488 A.2d at 297. *Also see Commonwealth v. Taylor*, 346 Pa.Super. 599, 500 A.2d 110 (1985) (the legislature has the right to classify crimes, to designate the maximum, and likewise can, if it sees fit, name the minimum); *also Commonwealth v. Wright et al.*, 508 Pa. 25, 494 A.2d 354 (1985).

This Court, in *Commonwealth v. O'Brien*, 356 Pa.Super. 294, 514 A.2d 618 (1986), has recently reaffirmed the notion that sentencing courts must comply with mandatory minimum term of imprisonment statutes.

> We must give effect to the Legislature's desire to remove individualized sentencing consideration, to the extent of a mandatory minimum term of imprisonment, for certain criminal offenders. *Accord Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985) *aff'd sub nom. McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (mandatory minimum sentencing upheld under 42 Pa.C.S.A. § 9712); *Commonwealth v. Allen*, 508 Pa. 114, 494 A.2d 1067 (1985) (mandatory minimum sentencing upheld under 42 Pa.C.S.A. § 9714, sentencing for prior conviction of serious violent felony).

*Id.*, 356 Pa.Superior Ct. at 298, 514 A.2d at 621.

In *O'Brien*, we interpreted the term "not less than", as used in 42 Pa.C.S.A. § 9718 which established mandatory sentences for offenses against infants, to connote a minimum term of imprisonment. We stated that "It strains all notions of common sense to suggest that "not less than" can reasonably be interpreted as meaning "maximum"." *Id.*, 356 Pa.Superior Ct. at 296, 514 A.2d 620.

Likewise, the phrase, "not less than" as used in 75 Pa.C.S.A. § 3735 clearly refers to a minimum term of incarceration.

The trial court erroneously believes that he can interpret section 9735 to mean a maximum term of three years, thereby having the same control over such a sentence as though it were a sentence under two years with a minimum under two years. Since this in effect was an illegal sentence, the sentence is a nullity. The appropriate and only sentence that could have been imposed was a minimum mandatory sentence of three years pursuant to the Sentencing Code. At 42 Pa.C.S.A. § 9756, it is provided:

**§ 9756. Sentence of total confinement**

.     .     .     .     .

(b) Minimum Sentence.—The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.

Here, the legislatively mandated minimum was three years for a felony of the third degree, which could carry a maximum sentence of seven years. *See* 18 Pa.C.S.A. § 106(b)(3). Thus in this case, the sentence, to be legal, must not extend beyond seven years at its maximum range and, pursuant to statute, could not be less than three years. The only sentence possible in this case was not less than three years minimum to six years maximum and not more than three and one-half years minimum to seven years maximum.

As such, the sentence passed beyond the control of the trial judge and was exclusively within the domain of the parole board, as stated by 61 P.S. § 331.17, which provides:

**§ 331.17. Powers of board respecting parolees; supervision of persons placed on probation; sentences for less than two years excepted**

*The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal*

*institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided.* It is further provided that the board shall have exclusive power to supervise any person hereafter placed on parole (when sentenced to a maximum period of less than two years) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as herein provided with regard to parole cases within one of the classifications above set forth: Provided, however, *That, except for such special cases, the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years:* And provided further, That the period of two years herein referred to shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple imprisonment or to an indeterminate imprisonment at hard labor, as now or hereafter authorized by law to be imposed for criminal offenses. The power of the board to parole shall extend to prisoners sentenced to definite or flat sentences. (emphasis added)

This section provides that the parole board has exclusive jurisdiction in all cases where the maximum sentence exceeds two years. In either case, that of the proper three to six year sentence, or the one and one-half to three year sentence imposed by the court, the parole board has exclusive jurisdiction and could not be compelled by the trial court to hold the defendant in prison to the maximum term.

The legislature has vested in the board of parole exclusive power to parole and reparole, commit and recommit for violations of parole and discharge from parole all persons sentenced to a maximum term of two years or more. *Com-*

*monwealth v. Yoder*, 249 Pa.Super. 389, 378 A.2d 350 (1977). The function of a minimum sentence is to notify board of parole when it may exercise its discretion to parole an individual. *Commonwealth v. Henderson*, 482 Pa. 359, 393 A.2d 1146 (1978); *Commonwealth v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974).

For the court to impose a minimum and maximum sentence in violation of the law and to then hold that the parole board is required to obey the law and hold the defendant for the maximum term, frustrates the intent of the mandatory sentence law (section 9735), prevents implementation of the Sentencing Code, 42 Pa.C.S.A. § 9721, and neutralizes the function of the parole board, section 331.17.

Appellee's sentence is hereby vacated and the case is remanded for resentencing in conformity with this Opinion.