531 A.2d 513

**COMMONWEALTH of Pennsylvania**

v.

**Gerald M. LEVINE, Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 1987.

Filed Sept. 23, 1987.

468

William F. Manifesto, Pittsburgh, for appellant.

Andrea F. McKenna, Assistant Deputy Attorney General, for Com., appellee.

Before WIEAND, KELLY and POPOVICH, JJ.

KELLY, Judge:

The sole issue raised by this appeal is the surprisingly novel question of whether a sentence of consecutive terms of probation may legally be imposed. Appellant, Gerald M. Levine was convicted of ten counts of violation of the fraud and abuse control section of the Public Welfare Code following entry of an open plea of *nolo contendere* to the

charges. Appellant was sentenced, *inter alia*, to ten consecutive sentences of five-years probation. We find no merit in appellant's contention that consecutive terms of probation are illegal, and affirm judgment of sentence.

We set forth the facts, and sentence, as stated by the trial court:

Dr. Levine was a 'provider' under the Department of Public Welfare Medical Assistance Program. As such he would, by contract, render dental service to Medical Assistance Recipients. In the instant cases, however, he fraudulently submitted invoices for payment which were not based upon actual and necessary services performed. As part of Defendant's plea of *nolo contendre* [sic] he also agreed to restitution to the Office of the Attorney General Medicaid Fraud Control Section in the amount of Two Thousand Eighty-Two ($2,082.48) Dollars and forty-eight cents, and to restitution to the Department of Public Welfare in the amount of Twenty-four Thousand Eight Hundred Eighty-five ($24,885.00) Dollars. This Court then imposed a fine of Ten Thousand ($10,000.00) Dollars, payable to the County of Allegheny and sentenced Defendant to ten five-year probations, each imposed consecutively.

(Trial Ct. Op. at 1).

Appellant's sole contention raised on appeal concerns the legality of his sentence of ten consecutive five-year probationary terms; in support of this contention, he argues the imposition of consecutive terms of probation is illegal because it is not expressly authorized by any statute. He notes that consecutive sentences of incarceration are specifically authorized by 42 Pa.C.S.A. § 9757, but no comparable authorization exists for probationary terms. He argues further that the sentencing statute, 42 Pa.C.S.A. § 9721, is ambiguous; and that the power to impose consecutive terms cannot be inferred from the sentencing code, "in light of the substantially different purposes served by probation and incarceration." (Appellant's brief at 8). We find no merit in these contentions.

Express statutory authority for sentencing is granted to trial courts by 42 Pa.C.S.A. § 9721, which states in part:

### § 9721.  Sentencing generally

**(a) General rule.**—In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select *one or more of the following alternatives, and may impose them consecutively or concurrently:*

(1) *An order of probation.*

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(Emphasis added).  Section 9754, dealing more specifically with the alternative of probation, states in part:

### § 9754.  Order of probation

**(a) General rule.**—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, *which term may not exceed the maximum term for which the defendant could be confined,* and the authority that shall conduct the supervision.

(Emphasis added).

■ We find that consecutive sentences of probation are expressly authorized by Section 9721.  An order of probation is one sentencing alternative which shall be considered by the court, and is an alternative which, as with the other alternatives, may be imposed consecutively or concurrently. The fact that the legislature repeated its authorization for consecutive terms of incarceration in Section 9757 does not negate the clear authorization of consecutive terms of probation in Section 9721.  Accordingly, a sentence of probation may be imposed consecutive to another sentence of probation.

■ Appellant argues nonetheless that Section 9721 is ambiguous because, while it is clear that several of the sentencing alternatives may be applied consecutively, it is

unclear whether a single alternative may be applied consecutively. Therefore, appellant argues that this ambiguity must be resolved in favor of the accused. We disagree. The plain meaning of Section 9721 is that, when fashioning an appropriate sentence, the court may decide that *any* of the sentencing alternatives be imposed consecutively.

Our duty, in construing the statute in the face of challenges such as appellant's, is to give effect to each section, and consistently construe similar provisions within the statute. 1 Pa.C.S.A. § 1932; *Royal Indemnity Co. v. Adams,* 309 Pa.Super. 233, 455 A.2d 135 (1983). We note our interpretation is the one consistent with prior interpretation of the statute. The predecessor to Section 9721 was found to be a clear and unambiguous enactment. *Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218 (1982). The language utilized by the legislature in the predecessor remains unchanged in the current statute.

The Supreme Court interpreted the predecessor to Section 9721 as authorizing consecutive terms among the sentencing alternatives, i.e. incarceration followed by a consecutive sentence of probation. *Commonwealth v. Pierce, supra.* Consecutive sentences of incarceration have been deemed authorized for conviction of separate offenses occurring close in time. *Commonwealth v. Green,* 312 Pa.Super. 265, 458 A.2d 951 (1983). Similarly, pursuant to Section 9721, this Court has allowed imposition of consecutive sentences of incarceration on separate counts of the same indictments. *Commonwealth v. Mayo,* 273 Pa.Super. 383, 417 A.2d 701 (1980). The language which authorized consecutive sentences of incarceration must also authorize consecutive terms of probation if the language of Section 9721 is to be consistently construed.[1] We find no ambiguity in the statute.

Appellant correctly states that Section 9754 contains the only statutory reference to the permissible length of a

---

1. We need not address appellant's arguments regarding the strict construction of penal statutes in favor of the accused, as we have found the statute to be unambiguous.

probationary term. (Appellant's brief at 9). The language of Section 9754 acts to restrict the sentencing authorization granted in Section 9721. *See* 1 Pa.C.S.A. § 1933. This restriction states that the permissible sentence of probation is determined by reference to the maximum period of incarceration; as the maximum period of incarceration is determined by reference to consecutive sentencing, the corresponding maximum period of probation must also be computed by reference to consecutive sentencing. As Section 9754 provides the only express limit on sentencing a defendant to probationary terms, we will not act as a legislature and write other limits into the statute.

■ Appellant argues his sentence violates public policy considerations as expressed in federal law and cases. We deem appellant's arguments regarding the comparable federal rule to be inapposite. First, the federal statute, 18 U.S.C.A. § 3651, *expressly* limits a period of probation imposed to a five year maximum term. Thus, federal cases apply express federal legislative mandate rather than public policy objectives when limiting terms of probation. Second, our legislature has enacted no such limitation and thus appellant's argument lacks basis in state law. Despite appellant's contentions that public policy frowns upon consecutive terms of probation, this Court may not read into either Section 9721 or 9754 a limitation not expressed by the legislature, and not clearly stated by the language of the statute, under the guise of pursuing some alleged but unstated legislative intent. 1 Pa.C.S.A. § 1921(b); *Worley v. Augustine*, 310 Pa.Super. 178, 456 A.2d 558 (1983); *Latella v. Commonwealth, Unemployment Compensation Board of Review*, 74 Pa.Cmwlth. 14, 459 A.2d 464 (1983).

Appellant was sentenced to five years probation on each of ten counts of violation of the statute. He faced a potential maximum sentence of seven years incarceration on each of those counts.[2] Thus, appellant's sentence violates

---

**2.** We note, had appellant's sentence been vacated, appellant on remand could be sentenced, legally, to a maximum term of seventy (70)

neither Section 9721 nor 9754. Finding no illegality in the imposition of consecutive terms of probation, we affirm.

Judgment of sentence affirmed.

WIEAND, J., joins.

POPOVICH, J., concurs in the result.

years imprisonment. *Commonwealth v. Hunter,* 321 Pa.Super. 333, 468 A.2d 505 (1983).