**COMMONWEALTH of Pennsylvnaia, Appellee,**

v.

**David L. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1999.

Filed Dec. 22, 1999.

Michael J. Connor, Harrisburg, for appellant.

Christopher Harrington, Asst. Dist. Atty., York, for Com., appellee.

Before STEVENS, SCHILLER and BECK, JJ.

BECK, J.:

¶ 1 This case addresses the authority of State Park officers to stop drivers who may be in violation of summary offenses in the Motor Vehicle Code. After a thorough review of the record and the applicable law, we vacate the judgment of sentence.

¶ 2 Pennsylvania State Park Officer William Polizzotto began to pursue appellant's vehicle after he observed appellant driving, in Gifford Pinchot State Park, at an excessive rate of speed. The officer also observed appellant cross the centerline of the

road. Officer Polizzotto testified that his intention in pursuing appellant was to issue a citation for summary offenses. However, appellant did not heed the officer's lights and siren. Instead, appellant proceeded to the park's exit and drove to a nearby restaurant outside the park's limits. Officer Polizzotto ultimately arrested appellant for driving while under the influence of alcohol or a controlled substance (DUI) and disorderly conduct.[1] A blood alcohol test confirmed the officer's suspicions and appellant was convicted of the charges.

¶ 3 Appellant filed this timely appeal and asserts, among other things, that Officer Polizzotto had no authority to stop him. He claims that the trial court erred in failing to grant his motion to suppress.

¶ 4 Our standard of review is well settled. We are bound by all of the suppression court's findings of fact that are supported by the record and may reverse only if the court's legal conclusions are erroneous. *Commonwealth v. Lopez*, 415 Pa.Super. 252, 609 A.2d 177, 178–79 (1992).

¶ 5 Appellant insists that Officer Polizzotto, as a State Park officer authorized under the Pennsylvania Department of Conservation and Natural Resources ("the Department"), did not have the power to stop his vehicle for a summary offense.[2] The Conservation and Natural Resources Act, 71 P.S. §§ 1340.101–322, ("CNRA") sets forth the arrest powers granted to State Park officers and specifically addresses violations of the Motor Vehicle Code. It provides the Department with the following powers and duties:

> To appoint and commission persons to preserve order in the state parks, which persons shall have all of the following powers:

(i) To make arrests without warrant for all violations of the law which they may witness and to serve and execute warrants issued by the proper authorities. *However, in cases of offenses for violation of any of the provisions of 75 Pa.C.S. (relating to vehicles), the power to make arrests without warrants shall be limited to cases where the offense is designated a felony or a misdemeanor or in cases causing or contributing to an accident resulting in injury or death to any person.*

(ii) To have all the powers and prerogatives conferred by law upon members of the police force of cities of the first class.

71 P.S. § 1340.303(7)(emphasis supplied).[3]

¶ 6 According to the explicit provisions of the CNRA, State Park officers may make Motor Vehicle Code violation arrests only for felonies, misdemeanors and serious accident cases. At the time Officer Polizzotto activated his lights and attempted to stop appellant's car, the only offenses appellant committed were summary offenses. Hence, Officer Polizzotto was without authority to stop appellant pursuant to § 1340.303(7)(i).

¶ 7 The Commonwealth argued, and the trial court agreed, that Officer Polizzotto's authority to stop appellant was based on subsection 1340.303(7)(ii). This subsection, the court reasoned, grants State Park officers broader arrest powers than those specifically set out in the subsection immediately preceding it. The suppression court found that subsection 1340.303(7)(ii) affords the State Park officers powers accorded police officers of first class cities, and first class city police officers are authorized by the Municipal Police Jurisdiction Act, 42 Pa.C.S. § 8953 ("MPJA").

---

1. Appellant was verbally abusive and uncooperative during his arrest and custody.

2. Appellant also argues that the Commonwealth did not establish that the violations occurred while he was in the confines of the State Park. We conclude otherwise after our review of the record.

3. Section 1340.303(7) provides other powers of the Department not relevant here.

Since Officer Polizzotto's actions were proper under the MPJA, the court concluded, suppression was unwarranted. We disagree.

¶ 8 It is a fundamental precept of statutory construction that specific statutory provisions prevail over general ones. 1 Pa.C.S.A. § 1933; *Commonwealth v. Klingensmith*, 437 Pa.Super. 453, 650 A.2d 444, 447 (1994), *appeal denied*, 540 Pa. 647, 659 A.2d 986 (1995). Therefore, the clear and unambiguous limitations on State Park officers set out in subsection (i) cannot be rendered meaningless by such a broad reading of the general provisions of subsection (ii). The general nature of subsection (ii) must yield to the very specific provisions of subsection (i).

¶ 9 The Commonwealth offers a second basis upon which we can uphold the propriety of the stop and find that the MPJA applies. It argues that Officer Polizzotto's testimony that he successfully completed the training course for municipal officers, "thus [brought] his actions and activities within the ambit of the MPJA." Appellee's Brief at 14. We reject this argument. Officer Polizzotto is a State Park officer whose authority to make arrests for motor vehicle violations is specifically set out in § 1340.303(7)(i). His training does not affect his status as a State Park officer. The MPJA simply does not apply in this case.

¶ 10 Because the record establishes that Officer Polizzotto exceeded his § 1304.303(7)(i) authority in this case, his stop of appellant was improper and the fruits of the stop should have been suppressed.

¶ 11 We are cognizant that the evidence in this case shows Officer Polizzotto acted in good faith and pursuant to state interests in keeping State Parks safe. Further, the record reveals appellant to be the very type of person who should not be driving on the roads and in the parks of this Commonwealth. However, the legislature has the sole authority to specify the powers of State Park officers. The legislature found it necessary to comment explicitly on the powers of State Park officers who observe violations of the Motor Vehicle Code. We are not at liberty to ignore the legislature's dictates or to ignore the basic principles of statutory construction. The wisdom or practical application of a clearly written statute is not part of our judicial inquiry.

¶ 12 Had Officer Polizzotto pursued appellant because he suspected appellant was driving while intoxicated, the officer's actions would have been proper under the law. However, on both direct and cross-examination, Officer Polizzotto testified that he stopped appellant solely for the purpose of issuing citations for summary violations. Further, Officer Polizzotto testified that he believed he was authorized to do so as a State Park officer. Our review of the statute leads us to conclude that no such authority exists. Hence, we are constrained to reverse the suppression order.

¶ 13 Judgment of sentence vacated; matter remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

¶ 14 Dissenting Opinion filed by STEVENS, J.

STEVENS, J., dissenting:

¶ 1 I respectfully disagree with the Majority's decision to vacate the judgment of sentence. The Majority ignores the clear mandate of 71 P.S. § 1340.303(a)(7)(ii), which confers upon the park police "...all the powers and prerogatives conferred by law upon members of the police force of cities of the first class."[4]

---

4. The powers delegated to police officers of cities of the first class are found in Section 1403 of The First Class Township Code (Code) 53 P.S. § 56403, which provides:

Policemen shall be ex-offico constables of the township and may without warrant and on view, arrest and commit for hearing, any and all persons guilty of a breach of the peace, vagrancy, riotous, or disorderly conduct or

¶2 Here, the state park police officer stopped Appellant's vehicle because it crossed the centerline, was speeding within the park's territory, and nearly collided with the state park officer's vehicle. Under any interpretation, statutory or judicial, it is clear that such action by Appellant tended to imperil the personal security or endanger the property of citizens, and therefore under 71 P.S. § 1340.303(a)(7)(ii), the state park officer was permitted to stop Appellant's vehicle.

¶3 The Majority's decision fails to provide any guidance whatsoever to park police officers who, as in the within case, encounter a vehicle driving in the wrong lane or encountering a person who is engaged in the commission of an unlawful act which imperils the personal security or endangers the property of citizens. Our Court should not place state park police officers in the position of having to ignore an individual who is a threat to the safety of others.

¶4 I would affirm the decision of the lower court and decide on a case-by-case basis any arrests made under the powers delegated to state park police officers as mentioned *supra*. Such a decision would allow state park police officers to carry out their designated duties and would not prohibit the legislature from clarifying the legislative intent.

drunkenness, or *who may be engaged in the commission of any unlawful act tending to imperil the personal security or endanger the property of the citizens,* or violating any of the ordinances of the township for the violation of which a fine or penalty is imposed (emphasis added).