J-S12020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ENECA WILLIAMS, | |
| Appellant | No. 859 EDA 2014 |

Appeal from the Judgment of Sentence February 18, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004607-2013

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                         **FILED APRIL 10, 2015**

Appellant, Eneca Williams, appeals from the judgment of sentence entered on February 18, 2014, in the Delaware County Court of Common Pleas.  We affirm.

Following a jury trial, Appellant was found guilty of driving under the influence ("DUI"), second offense, and driving while operating privileges were suspended, DUI related.  On February 18, 2014, the trial court imposed a sentence of nine to twenty-three months of incarceration, followed by three years of probation on the DUI conviction, and a concurrent

_____

[*] Former Justice specially assigned to the Superior Court.

term of sixty days of incarceration on the driving while operating privileges were suspended charge.[1]

Appellant filed a timely notice of appeal, and the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied and raised one issue: "The Trial Court made unduly prejudicial statements to the jury suggesting that the failure to reach a unanimous verdict would cause a financial burden to Delaware County." Appellant's Concise Statement of Errors Complained of on Appeal, 4/10/14 (full italicization omitted). However, on appeal, Appellant has abandoned this issue and instead purports to present a challenge to the legality of his sentence involving the application of a mandatory minimum sentence. Appellant's Brief at 11. Appellant's argument is premised on this Court's decisions in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014), and ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super. 2014), which applied the United States Supreme Court's holding from ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013).

_____

[1] While flat sentences are generally not permitted in Pennsylvania, Appellant's flat sentence of sixty days is permissible pursuant to 75 Pa.C.S. § 1543(b)(1). ***See Commonwealth v. Klingensmith***, 650 A.2d 444 (Pa. Super. 1994) (stating that 75 Pa.C.S. § 1543(b) implicitly created an exception to the minimum/maximum sentencing requirements of 42 Pa.C.S. § 9756(b) by specifically authorizing a trial court to impose a flat sentence for driving with a suspended license when the license was suspended as a result of a prior DUI conviction).

As a general rule, where an appellant is directed to comply with Pa.R.A.P. 1925(b), any issues not raised in a timely filed concise statement of errors complained of on appeal will be deemed waived. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)). However, issues concerning the legality of one's sentence can, in some instances, be raised for the first time on appeal. "Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citation and quotation marks omitted).

Because we conclude that Appellant has presented a non-waiveable challenge to the legality of his sentence, we shall address the issue presented. We note that issues challenging the legality of a sentence are questions of law, and our standard of review over such questions is *de novo* and our scope of review is plenary. ***Akbar***, 91 A.3d at 238.

As noted above, Appellant argues that the decisions in ***Newman*** and ***Valentine***, which apply the ***Alleyne*** holding, afford him relief. We disagree. In ***Alleyne***, the United States Supreme Court held that facts which increase a mandatory minimum sentence must be submitted to the jury and must be found beyond a reasonable doubt. ***Alleyne***, 133 S.Ct. at 2163. Both ***Newman*** and ***Valentine*** dealt with mandatory minimum sentences resulting from findings that were determined to be elements of the offense

itself; therefore, the Supreme Court's pronouncement in **Alleyne** mandated those determinations to be submitted to the jury as required by **Apprendi v. New Jersey**, 530 U.S. 466 (2000). **Newman**, 99 A.3d at 97; **Valentine**, 101 A.3d at 804.[2]

However, in the case at bar, the fact supporting the mandatory minimum, a prior DUI conviction, is not an element of the current offense. Thus, the instant matter is readily distinguishable from the mandatory minimum sentences struck down in **Newman** and **Valentine**.

Furthermore, **Apprendi** explicitly distinguished the bases for an increase in a sentence, and noted that prior convictions were excepted from its mandate. **See Apprendi**, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").[3] Here, it is undisputed that the increase in Appellant's minimum sentence was due to his prior DUI conviction.[4]

---

[2] While **Valentine** does not specifically cite **Apprendi**, its analysis cites to **Alleyne** and its application of **Apprendi**. **See Alleyne**, 133 S.Ct. at 2155.

[3] We are cognizant that this area of our jurisprudence has indeed been called into question. **Commonwealth v. Hale**, 85 A.3d 570, 585 n.13 (Pa. Super. 2014). However, we are bound by stare decisis to adhere to the law in its current state.

[4] We also note that after a request by Appellant's counsel, the trial court, in an abundance of caution, placed the issue of Appellant's prior conviction before the jury. N.T., Trial, 1/30/14, at 15. Following deliberations which
*(Footnote Continued Next Page)*

Therefore, neither **Newman**, **Valentine**, **Alleyne**, nor **Apprendi**, affords Appellant relief. Accordingly, because Appellant's mandatory minimum sentence is not illegal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes Joins the memorandum.

Justice Fitzgerald Notes Dissent.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015

_(Footnote Continued)_ ————————————

were held separately from those that resulted in the guilty verdict on the charges of DUI and driving while operating privileges were suspended, the jury specifically determined, beyond a reasonable doubt, that Appellant had a prior DUI conviction. **Id**. at 19.