J-S04001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS P. JANCEWICZ | : | |
| | : | |
| Appellant | : | No. 1410 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 23, 2018
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s):  CP-57-SA-0000002-2018

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:               **FILED: MAY 24, 2019**

Appellant, Thomas P. Jancewicz, appeals from the judgment of sentence entered July 23, 2018, in the Court of Common Pleas of Sullivan County. After careful review, we vacate the judgment of sentence and remand for resentencing.

The trial court summarized the procedural history of this case as follows:

> This matter came before the [c]ourt on a summary appeal on July 3, 2018.  [Appellant] was charged with four offenses from an incident, which occurred on October 21, 2017.  More specifically, [Appellant] was charged with [o]peration of a vehicle while operating privilege is suspended or revoked, 7[5] Pa.C.S. [§] 1543(b)(1),[1] carrying and exhibiting driver's license on demand, 7[5] Pa.C.S. [§] 1511(a), registration card to be signed and exhibited on demand, 75 Pa.C.S. [§] 1311(b) and operating a motor vehicle without the required financial responsibility, 75

---

[1] For reasons explained in greater detail *infra*, there is discrepancy regarding the subsection of 75 Pa.C.S. § 1543 of which Appellant was charged and convicted.

---

\*   Former Justice specially assigned to the Superior Court.

Pa.C.S. [§] 1786(f). Magisterial District Judge Jennifer Vandine found [Appellant] guilty of all four charges on January 2, 2018 and [Appellant] was sentenced to sixty (60) days incarceration and was fined approximately Three Hundred Fifty Dollars ($350.00). [Appellant] filed an appeal to this [c]ourt and a hearing was held thereon on July 3, 2018.[2]

\* \* \*

Following the hearing, this [c]ourt found that [Appellant's] operating privilege had been suspended, DUI related, for a period of June 30, 2016 until June 30, 2017 and that [Appellant's] license was also revoked on June 30, 2017 for a period of one year for a subsequent § 1543(a) violation and the current violation occurred during the suspension for the § 1543(a), the [c]ourt found that [Appellant] violated 75 Pa.C.S.A. § 1543(b). [Appellant] was sentenced by this [c]ourt to pay a fine in the amount of Eight Hundred Dollars ($800.00) and to a period of imprisonment not less than ninety (90) days. [Appellant] has filed an appeal to the Pennsylvania Superior Court and this matter is now ripe for discussion.

Trial Court Opinion, 10/15/18, at 1-3. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the Trial Court issue a Sentencing Order that was cruel and excessive in sentencing [Appellant] to 90 days incarceration for a third violation of 75 Pa.C.S. § 1543(a) when the lower court had sentenced [Appellant] to not less than 60 days incarceration?

2. Did the Trial Court err in . . . sentence[ing Appellant] to a flat 90 days incarceration when the offense requires a minimum sentence to be imposed?

Appellant's Brief at 5.

---

[2] At the hearing, the parties discussed the uncertainty regarding Appellant's conviction of either Section 1543(a) or (b). N.T., 7/3/18, at 32-36.

We address first Appellant's claim that the trial court erred in sentencing him to a flat sentence because such claim implicates the legality of the sentence. "[A] claim that a flat sentence should have instead had minimum and maximum terms goes to the legality of the sentence, and such issues are non-waivable." *Commonwealth v. Postie*, 110 A.3d 1034, 1043 (Pa. Super. 2015). Further, "[o]ur scope of review of challenges to the legality of a sentence is plenary, and the standard of review is *de novo*." *Id.*

Appellant argues that the trial court erred in imposing a flat sentence of ninety days. Appellant's Brief at 11. Appellant maintains that pursuant to 42 Pa.C.S. § 9756, a court is required to sentence a defendant to a minimum and maximum sentence, with the minimum not to exceed one-half of the maximum sentence, absent a statutory exception to the contrary. *Id.* Appellant asserts that there is no exception to the contrary in this case, and therefore, Appellant's flat sentence is illegal. *Id.* at 11-12. Appellant cites to *Postie*, 110 A.3d 1034, in support of his position. Appellant's Brief at 12.[3]

We note the apparent confusion regarding which subsection of Section 1543 Appellant was convicted. As outlined above, in its Pa.R.A.P. 1925(a)

---

[3] The Commonwealth agrees that the flat ninety-day sentence does not comply with 42 Pa.C.S. § 9756(b)(1), and cites to *Postie* as support for the conclusion that a minimum and maximum sentence is required. Commonwealth's Brief at 6. The Commonwealth, however, argues that the error was harmless, as the sentenced ninety days was one-half of the maximum possible sentence of one hundred and eighty days; therefore, Appellant would be "serving the same 90 days to which the trial court sentenced him." *Id.*

opinion, the trial court stated that it determined that Appellant violated 75 Pa.C.S. § 1543**(b)**. Trial Court Opinion, 10/15/18, at 3. Furthermore, the trial court stated that in sentencing Appellant, it relied on 75 Pa.C.S. § 1543(a), which it represents as providing that the court "has the authority to sentence [Appellant] for a period of not less than sixty (60) days nor more than ninety (90) days." *Id.* at 4. Despite the trial court's assertion, that is not what Section 1543(a) states.

Section 1543(a) has no provision related to imprisonment and provides for imposition of a fine only. Instead, the trial court's quoted language is found in Section 1543(b)(1)(i) and is related to convictions pursuant to Section 1543(b).[4] Further confusing the matter is the trial court's subsequent statement in its Pa.R.A.P. 1925(a) opinion that "[Appellant's] instant offense was [Appellant's] fourth overall suspension for violation of 75 Pa.C.S. 1543**(a)** and the [c]ourt found [Appellant] subject to 75 Pa.C.S. §6503(a)." *Id.* at 4-5 (emphasis added).

In its sentencing order, the trial court referenced the discussion with counsel at the July 3, 2018 hearing regarding the proper statutory provision for the violation. The trial court stated that "the [c]ourt finds that [Appellant]

---

[4] Section 1543(b)(1)(i) states: "A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked . . . because of a violation of section . . . 3802 . . . .shall be sentenced . . . to undergo imprisonment for a period of not less than 60 days nor more than 90 days." 75 Pa.C.S. § 1543(b)(1)(i).

violated Title 75 § 1543(a)." Sentencing Order, 7/23/18, at 1. The trial court explains that because it was Appellant's third suspension for violation of 75 Pa.C.S. § 1543(a), "the [c]ourt finds [Appellant] is subject to Title 75 § 6503(a), subsequent convictions on certain offenses[,] as this is a second or subsequent violation." *Id.* at 1. Accordingly, the trial court sentenced Appellant to pay a fine in the amount of eight hundred dollars and to be imprisoned "for a period of not less than ninety (90) days." *Id.* at 1-2.

Despite the discrepancies in the Pa.R.A.P. 1925(a) opinion, we are guided by the July 23, 2018 sentencing order that provides that Appellant was convicted and sentenced pursuant to Sections 1543(a) and 6503(a).[5] Thus, we consider Appellant's sentence with the following provisions in mind.

Section 1543(a) provides as follows:

**(a) Offense defined**.--Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

75 Pa.C.S. § 1543(a). Moreover, 75 Pa.C.S. § 6503(a) provides, in relevant part, as follows:

**(a) General offenses.**--Every person convicted of a second or subsequent violation of any of the following provisions shall be

---

[5] The determination of which subsection of Section 1543 applies is imperative to our analysis because the subsections have different sentencing mandates. 75 Pa.C.S. § 1543(a) and (b).

sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both:

> Section 1543(a) (relating to driving while operating privilege is suspended or revoked) except as set forth in subsection (a.1).

> * * *

> **(a.1) Certain repeat offenses.--**A person convicted of a sixth or subsequent offense under section 1543(a) shall be sentenced to pay a fine of not less than $1,000 and to imprisonment for not less than 30 days but not more than six months.

75 Pa.C.S. § 6503(a), (a.1).  Also relevant to our analysis is 42 Pa.C.S. § 9756(b)(1), which provides:  "The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed."

In addressing this issue, the trial court stated the following:

[U]pon review of [Appellant's] certified driving record, [Appellant] was clearly operating a motor vehicle at a time when his operating privilege was suspended or revoked.  Based upon this and upon review of [Appellant's] certified driving record, this [c]ourt noted that [Appellant's] instant offense was [Appellant's] fourth overall suspension for violation of 75 Pa.C.S. [§] 1543(a)[.]

Trial Court Opinion, 10/15/18, at 4-5.

Because this was Appellant's fourth violation of Section 1543(a), Appellant's sentence is prescribed by 75 Pa.C.S. § 6503(a).  As stated above, Section 6503(a) calls for imprisonment "for not more than six months."  75 Pa.C.S. § 6503(a).

In **Postie**, 110 A.3d 1034, this Court addressed sentencing under 75 Pa.C.S. § 6503(a).  Therein, the appellant had been convicted under 75

Pa.C.S. § 1543(a), and based upon his driving record, he was subject to 75 Pa.C.S. § 6503(a.1), which applies when there are six or more violations of Section 1543(a). *Id.* at 1036-1038, 1043-1045. Section 6503(a.1) provides for imprisonment "for not less than 30 days but not more than six months." *Id.* at 1045. Postie was sentenced to four months of imprisonment. *Id.* at 1043. Postie argued that his flat sentence was illegal and that a sentence of total confinement must include minimum and maximum terms. *Id.*

In addressing Postie's claim, this Court explained that, "[a]lthough our review of Pennsylvania authority has not revealed a decision discussing the applicability of Section 9756 to the particular subsection of [driving while operating privilege is suspended or revoked] of which Appellant was convicted, this Court has applied Section 9756 to summary offenses and Vehicle Code offenses." *Postie*, 110 A.3d at 1044. We concluded that although some statutory exceptions to Section 9756 exist that allow for imposition of flat sentences, none applied in that case. *Id.* at 1044. This Court stated that given the range of sentence that Section 6503(a.1) allowed for, specifically "not less than 30 days but not more than six months," there was no statutory provision that prevailed over Section 9756's requirement of minimum and

maximum terms. *Id.* at 1045. Thus, Postie's flat sentence was deemed illegal under Section 9756. *Id.* at 1044.[6]

We find *Postie* to be instructive in the matter currently before us. Although Section 6503(a) is applicable in this case, as opposed to Section 6503(a.1) that was at issue in *Postie*, the statutory provision here allows for a range similar to that allowed for in the statutory provision at issue in *Postie*. Section 6503(a) states that Appellant can be sentenced to imprisonment "for not more than six months." 75 Pa.C.S. § 6503(a). This range of sentence, imprisonment for up to six months, allows for imposition of a minimum and maximum term in compliance with Section 9756. Therefore, nothing in this statutory provision prevails over the requirement set forth in Section 9756. Accordingly, imposition of a flat sentence of ninety days in this case violates Section 9756. Thus, Appellant's sentence is illegal, and we vacate it and remand this case to the trial court for resentencing.[7]

Judgment of sentence vacated. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

---

[6] In *Postie*, we distinguished the holding in *Commonwealth v. Klingensmith*, 650 A.2d 444 (Pa. Super. 1994), that allowed for imposition of a flat sentence as related to a conviction and sentence pursuant to Section 1543(b). *Postie*, 110 A.3d at 1045.

[7] Because we have determined that Appellant's sentence was illegal and have vacated his sentence on that basis, we need not address Appellant's first issue pertaining to the discretionary aspects of sentencing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2019