COMMONWEALTH of Pennsylvania

v.

Gordon Timothy THOMAS, Appellant.

Superior Court of Pennsylvania.

Argued March 20, 1997.

Filed July 24, 1997.

Christine Biancheria, Pittsburgh, for appellant.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth.

Before TAMILIA, FORD ELLIOTT and BROSKY, JJ.

TAMILIA, Judge:

This is an appeal from the judgment of sentence imposed following appellant's convictions of manufacture and possession of a controlled substance.[1] Immediately following his conviction, appellant was sentenced to serve a one-year term of probation.

Appellant was charged with the above crimes after Pittsburgh police officers received information from a confidential informant and a telephone complaint that marijuana was growing on the roof of the apartment building at 5738 Howe Street by an actor known as "Chris". The telephone complaint further informed the officers that the roof could be reached either by using the fire escape or by confronting the residents of the top-floor apartment and requesting access to the roof. Acting on that information, the officers located the described apartment building, which had a street address of 5758 rather than 5738 as reported in the telephone complaint. Without first attempting to obtain a search warrant, Officer Hildebrand scaled the fire escape and climbed onto the roof. He observed a free-standing rooftop apartment situated in the center of the roof and walked its perimeter. Once he had taken two turns around the corners of the apartment, he noticed a bridgewalk connected to the roof of the adjacent building and a small garden partially enclosed by a wall

1. 35 P.S. § 780–113(a)(30), (a)(16).

located a few feet from the door of appellant's apartment. The officer stated the garden contained at least two varieties of plants, a few of which had red and yellow flowers on them. Officer Hildebrand did not approach the plants to determine if the flowers were real or artificial but stated, in any event, that he knew some of the plants were marijuana. The officers left the scene after approximately 30 minutes and during that time saw no one use or attempt to use the fire escape. Subsequently, a search warrant was obtained based upon an affidavit of probable cause which incorporated the information supplied by the confidential informant, the telephone complaint and the results of Officer Hildebrand's investigation of the rooftop garden. The police executed the search warrant, seized the marijuana plants, drug paraphernalia and weapons, and took appellant's statement that the plants were his and that his roommates were not involved in any illegal activity.

On appeal, appellant makes several arguments concerning the suppression court's error in denying his motion to suppress the evidence seized, as well as his inculpatory statement. First, he argues the findings of fact and conclusions of law were unsupported by the record. Specifically, appellant asserts as error the suppression court's finding that Officer Hildebrand's investigation of the rooftop garden was constitutional because the fire escape that the officer used to scale the apartment building was open to the public and used on a daily basis by tenants of the adjacent apartment building in order to enter and exit their residence. Second, the search warrant was invalid because it contained tainted information obtained by the above-mentioned "warrantless search". Third, the search warrant was unconstitutional under Article I, Section 1, and Section 8 of the Pennsylvania Constitution. Finally, the suppression court erred in failing to suppress the inculpatory statement of appellant as it directly resulted from the execution of an unconstitutional search warrant.

The standard and scope of our review of suppression Orders is well settled.

In reviewing a claimed error of the suppression court in denying a defendant's motion to suppress, we will consider only the prosecution's evidence and so much of the defendant's evidence as remains uncontradicted. It is, however, exclusively in the province of the suppression court to determine the credibility of the witnesses and the weight to be accorded their testimony. See *Commonwealth v. Brinkley*, 423 Pa.Super. 289, 620 A.2d 1226 (1993); *Commonwealth v. Neely*, 298 Pa.Super. 328, 444 A.2d 1199 (1982).

Our task, therefore, is to determine whether the record supports the factual findings of the suppression court, and to determine the reasonableness of the inferences and legal conclusions drawn therefrom. *Commonwealth v. Lemanski*, 365 Pa.Super. 332, 529 A.2d 1085 (1987).

*Commonwealth v. Robbins*, 436 Pa.Super. 177, 182, 647 A.2d 555, 558 (1994).

In the instant case, we conclude the suppression court judge's finding that the fire escape was used on a daily basis for ingress and egress is not supported by the record. Nevertheless, because Officer Hildebrand observed the marijuana plants from his position on the fire escape route of the apartment buildings, the legal conclusion that the evidence should not be suppressed was a reasonable one. That is, the officer did not stray from the path that the residents of appellant's apartment or the adjacent building would have taken during an emergency. No Fourth Amendment protection is afforded appellant with respect to fire escapes and common hallways of an apartment building where he has no possessory interests. *Commonwealth v. Boykin*, 246 Pa.Super. 154, 157, 369 A.2d 857, 859 (1977) ("Nor may appellant claim Fourth Amendment protection for himself in respect to an area in which he has no possessory interest. The fire escape entrance used by the police was a door from the common hallway. While a tenant may have the right to use both hall and fire escape, neither is a part of the demised premises under his possession or control.") (citations omitted). Assuming appellant had a subjective expectation of privacy in the rooftop area outside of his apartment, no

reasonable expectation of privacy on the part of appellant was invaded by the officer's conduct. The observation of the plants, made from a lawful vantage point outside of any protected area, was not a search, regardless of whether the evidence in open view was located in a protected or unprotected area. *Commonwealth v. Carelli,* 377 Pa.Super. 117, 546 A.2d 1185 (1988). Accordingly, Officer Hildebrand's investigation of the rooftop garden was constitutional, the subsequent search warrant issued on a probable cause affidavit that included the results of the officer's investigation was constitutional, and the suppression court did not err in denying appellant's motion to suppress his inculpatory statement as it was the direct product of the execution of a valid search warrant. Although appellant argues the Pennsylvania Constitution provides broader protections from unreasonable searches and seizures, those protections are not implicated in this case as it does not concern a warrantless search, but rather a plain view observation of illegal drugs from a lawful vantage point.

Judgment of sentence affirmed.