J-S46013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| OLIN JAMAR HORSEY | |
| Appellant | No. 1383 EDA 2014 |

Appeal from the Judgment of Sentence March 24, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006368-2012

BEFORE:  MUNDY, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 04, 2015**

Appellant, Olin Jamar Horsey, appeals from the March 24, 2014, judgment of sentence of 36 to 72 months' incarceration for possession of cocaine with the intent to deliver, 15 days to 30 days' incarceration for possession of marijuana, and one year of probation for possession of drug paraphernalia, imposed by the trial court after it found Appellant guilty of possession of cocaine with the intent to deliver, possession of cocaine, possession of marijuana, and possession of drug paraphernalia.[1]  After careful review, we affirm.

---

[1] 35 P.S. §§ 780-113(a)(30), (16), (31), and (32), respectively.  The possession of cocaine conviction merged with the possession of cocaine with intent to deliver conviction for sentencing purposes.  Further, we note that Appellant was originally sentenced on February 28, 2014 to 36 to 60 months' incarceration for possession of cocaine with the intent to deliver, 15 days to 30 days' incarceration for possession of marijuana, and one year of

*(Footnote Continued Next Page)*

The trial court summarized the relevant facts and procedural history of this case as follows.

> On August 28, 2012, Officer Matthew Goldschmidt was on duty and working undercover along with Officer Hennas, when they observed [Appellant] walking along the street with a clear bag of marijuana in his right hand. [Appellant] was placed under arrest and ultimately charged with several crimes under the Controlled Substance, Drug, Device and Cosmetic Act. On November 26, 2012, [Appellant], through counsel, filed a motion to suppress. On January 4, 2013, a hearing was held on [Appellant's] motion and the court heard testimony from Officer Matthew Goldschmidt. By order dated March 6, 2013, the court denied [Appellant's] motion.
>
> Following a bench trial, [Appellant] was found guilty of possession of cocaine with the intent to deliver, possession of cocaine, possession of marijuana, and possession of drug paraphernalia. [Appellant] was sentenced on February 28, 2014 … [and on] March 24, 2014, [Appellant] was resentenced [].
>
> [Appellant filed a post-sentence motion on March 26, 2014, which the trial court denied on April 4, 2014.]

*(Footnote Continued)* ——————————

probation for possession of drug paraphernalia. However, on March 24, 2014, the trial court determined that the February 28, 2014 sentence was illegal, and resentenced Appellant as indicated. The trial court does not explain its conclusion regarding the illegality of Appellant's February 28, 2014 sentence, however, in the February 28, 2014 sentence the minimum was more than one-half of the maximum. **See** Trial Court Opinion, 11/14/14, at 2; 42 Pa.C.S.A. § 9756(b)(1).

On May 1, 2014, [Appellant] filed his notice of appeal[.] Following a directive from [the trial] court, [Appellant] filed his Concise Statement of Matters Complained of on Appeal on May 14, 2014.

Trial Court Opinion, 11/14/14, at 1-2.

On appeal, Appellant presents five issues for our review.

1. Whether the Suppression Court erred in denying [the] motion to suppress physical evidence, recovered from a search incident to Appellant's arrest, where Appellant's arrest was unlawful because he was initially detained without reasonable suspicion, in violation of Appellant's right to a fair search and seizure under the Fourth Amendment of the United States Constitution, and Article 1, Section 8 of the Pennsylvania State Constitution?

2. Whether the Suppression Court erred in denying [the] motion to suppress physical evidence, recovered from [the] warrant-less [sic] search of Appellant's vehicle, because [the] search was conducted without probable cause, and there was no reasonable suspicion to support the canine search that led to [the] car's impoundment and subsequent search interior search [sic], in violation of Appellant's right to a fair search and seizure under the Fourth Amendment of the United States Constitution, and Article 1, Section 8 of the Pennsylvania State Constitution?

3. Whether there was sufficient evidence to support Appellant's conviction for Possession with Intent to Deliver a Controlled Substance?

4. Whether the lower court's verdict, finding Appellant guilty, was against the weight of the evidence?

5. Whether the mandatory minimum sentence of three (3) to six (6) years imposed by the trial

court should be vacated, where the Superior Court has held that [18] Pa.C.S.A. Section 7508 is unconstitutional on its face, pursuant to the United States Supreme Court holding ***Alleyne v. United States***, that mandatory minimum sentencing statutes are unconstitutional because they permit the trial court to increase a defendant's minimum based upon a preponderance of the evidence, rather than a jury based on reasonable doubt?

Appellant's Brief at 5-6.

In his first two issues, Appellant challenges the trial court's denial of his suppression motion. We are guided by the following principles in conducting our review of these issues.

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where … the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citations and quotation marks omitted), *cert. denied*, *Jones v. Pennsylvania*, 131 S.Ct. 110 (2010).

In his first issue, Appellant contends that his arrest was unlawful where "Officer Goldschmidt had a hunch that Appellant was carrying marijuana, based upon observing him handling a plastic baggie, containing an unknown green material, [such that] there were, clearly, insufficient facts to support any intelligent conclusion that in fact Appellant was carrying marijuana based merely on observing the plastic baggie from the passenger seat of his unmarked police vehicle, where he did not observe Appellant engage in street transactional drug activity." Appellant's Brief at 15-16. Appellant claims that the "facts culminating in his detention did not give rise to reasonable suspicion to support an investigatory stop, which rendered Appellant's arrest, and the search incident to Appellant's arrest, inadmissible fruit of the poisonous tree." *Id.* at 16.

It is well settled that there are three categories of interactions between police and citizens.

> The Fourth Amendment of the U.S. Constitution and Article 1, Section 8 of our state Constitution protect citizens from unreasonable searches and seizures. To safeguard this right, courts require police to articulate the basis for their interaction with citizens in increasingly intrusive situations:
>
> > The first of these is a "mere encounter" (or request for information) which need not be

supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Downey*, 39 A.3d 401, 405 (Pa. Super. 2012) (citation omitted).

*Commonwealth v. McAdoo*, 46 A.3d 781, 784 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2012).

Here, the trial court concluded that Officer Goldschmidt had probable cause to arrest Appellant. Our Supreme Court has explained the following.

Probable cause is made out when "the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Rodriguez*, 526 Pa. 268, 585 A.2d 988, 990 (1991). The question we ask is not whether the officer's belief was "correct or more likely true than false." *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Rather, we require *only a "probability,* and not a prima facie showing, of criminal activity." *Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (citation omitted) (emphasis supplied). In determining whether probable cause exists, we apply a totality of the circumstances test. *Commonwealth v. Clark*, 558 Pa. 157, 735 A.2d 1248, 1252 (1999) (relying on *Gates, supra*).

*Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009).

In this instance, the trial court reasoned as follows.

> Based upon the totality of the circumstances in the instant case, th[e trial c]ourt found that Officer Goldschmidt had probable cause to arrest [Appellant] after he observed a bag of marijuana in his hand. *See Commonwealth v. Burnside*, 625 A.2d 678 (Pa. Super. 1993) (where experienced officer observed defendant standing in a brightly lit doorway holding a handful of "small, blue plastic packets" that the officer knew commonly contained cocaine, officer had probable cause to arrest); *Commonwealth v. Brinkley*, 620 A.2d 1226 (Pa. Super. 1993) (officer had probable cause to arrest when he observed defendant holding a bag containing white powder). Here, Officer Goldschmidt credibly testified that, based upon his training and experience, it was immediately apparent that [Appellant] possessed marijuana, which is criminal behavior in the Commonwealth of Pennsylvania. Accordingly, this [trial] court found that Officer Goldschmidt had the requisite probable cause necessary to arrest [Appellant] for this crime.

Trial Court Opinion, 11/14/14, at 6, ¶7.

The trial court's reasoning is supported by the record. Officer Matthew Goldschmidt testified that he was working undercover with the anti-crime unit, investigating drug trafficking, during the afternoon of August 28, 2012. N.T., 1/4/13, at 19. Officer Goldschmidt had "been receiving information about [Appellant] regarding drug sales from the residence of 217 Ellsworth Street." *Id.* at 20. Officer Goldschmidt explained that as he was "driving down closer to [Appellant], [I] noticed a clear plastic bag in his hand containing marijuana. … It was in his right hand." *Id.* at 22. Officer Goldschmidt testified as follows.

- 7 -

It appeared to be green vegetable matter. From my training and experiences, it's normally packaged in clear sandwich bags or clear or similar zip top baggies.

*Id.* at 23. Based on this observation, Goldschmidt effectuated the stop of Appellant that led to Appellant's arrest. *Id.* Given these facts, the trial court properly determined that Goldschmidt had probable cause to arrest Appellant. Appellant's claim to the contrary lacks merit.

In Appellant's second suppression issue, he asserts that police lacked probable cause to search his vehicle. Appellant argues that the search of his Audi was illegal because "Officer Goldschmidt did not observe Appellant inside the Audi, did not observe contraband inside the Audi through the exterior, and had no prior information from an informant or anonymous tipster that narcotics were contained within the Audi or that Appellant was the driver, prior to unlocking the car door to establish that the key recovered from Appellant was the door and ignition key for the Audi." Appellant's Brief at 19-20.

Our review of the record reveals that Appellant's suppression argument with regard to the Audi is baseless. Officer Goldschmidt testified that when he stopped Appellant, he saw Appellant discard "a black key" with an Audi symbol. N.T., 1/4/13, at 25. Officer Goldschmidt saw an Audi "25 to 30 yards" away. *Id.* at 26. He then called for a canine officer, who walked around the Audi and alerted Officer Goldschmidt to the presence of narcotics. *Id.* at 29-30. Immediately thereafter, Officer Goldschmidt "called for a tow truck [and] **applied for a warrant**." *Id.* at 30-31 (emphasis

added). Even more significantly, Goldschmidt determined that the Audi "**was not owned by [Appellant]**." *Id.* at 31 (emphasis added).[2]

The trial court summarily explained as follows.

> [The trial] court finds that the police did not conduct a warrantless search. [FN 13: The search was conducted after an exterior search of the vehicle and a search warrant was obtained.] [Also, the trial] court finds that [Appellant] failed to show that he had a privacy interest in the Audi. ***See Commonwealth v. Perea***, 791 A.2d 427 (Pa. Super. 2012) (though Appellant had keys to a car, he did not have an expectation of privacy in that vehicle). In the instant case, while [Appellant] was observed discarding a key to the Audi, the lawful owner was Scott Emerson Davis. ***See*** Commonwealth's Exhibit CS-3; ***see also*** N.T., 1/4/13, p. 31. [Appellant] did not provide any evidence that he was using the vehicle with the permission of the registered owner. [Appellant] attempted to disassociate himself from the vehicle after he was approached by Officer Goldschmidt. ***Id.*** at 23. Therefore, the [trial] court found that he had no expectation of privacy in its contents. He cannot now claim a privacy interest in the car.

Trial Court Opinion, 11/14/14, at 6-7 (footnote 14 omitted).

Because the facts of record support the trial court's legal conclusions, Appellant's suppression issue relative to the search of the Audi is without merit.

---

[2] Appellant concedes that he "was not the owner of the Audi." Appellant's Brief at 23.

With regard to Appellant's remaining three issues, our analysis is hampered because the certified record does not contain notes of testimony from either Appellant's trial or sentencing. Moreover, our review of Appellant's notice of appeal filed May 1, 2014 does not indicate that Appellant's counsel ordered the transcripts.

"Pennsylvania law makes clear 'an appellate court is limited to considering only the materials in the certified record when resolving an issue.'" *Commonwealth v. Houck*, 102 A.3d 443, 456 (Pa. Super. 2014), *quoting* *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*), *appeal denied,* 916 A.2d 632 (Pa. 2007). Where the appellant has not made the transcript of the proceedings at issue a part of the certified record, we have held as follows.

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a) ... When the appellant ... fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

*Id.*

We further commented as follows.

> Of course, if a party is indigent, and is entitled to taxpayer-provided transcripts or portions of the record, he will not be assessed costs. But, that does not absolve the appellant and his lawyer of his obligation to identify and order that which he deems

- 10 -

necessary to prosecute his appeal. The plain terms of the Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record.... [An appellant] cannot fault the trial court for his own failures. Instead, it is only when an appellant can show that a request was made and erroneously denied, which is not the case herein, that such a claim would have merit....

*Id.* at 456-457, *citing* **Commonwealth v. Lesko**, 15 A.3d 345, 410 (Pa. 2011). "It is not proper for … the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." **Preston**, *supra* at 7 (citation omitted).

Given the foregoing, we are constrained to conclude that Appellant's remaining issues are waived. Waiver notwithstanding, as best we are able to discern, Appellant's sufficiency challenge to his conviction for possession of cocaine with the intent to deliver lacks merit. When reviewing a sufficiency claim we are mindful of the following.

> In analyzing [sufficiency] claims, "we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." **Commonwealth v. Brown**, 52 A.3d 320, 323 (Pa. Super. 2012). Critically important, we must draw all reasonable inferences from the evidence in favor of the Commonwealth as the verdict-winner. **Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013). "Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail." **Brown**, *supra* at 323. Of course, "the

- 11 -

evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Id.***

The Commonwealth can meet its burden "by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Id.*** It is improper for this Court "to re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id.*** Additionally, "the entire record must be evaluated and all evidence actually received must be considered." ***Id.***

***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013), *appeal denied*, 95 A.3d 277 (Pa. 2014).

Appellant specifically argues that there was insufficient evidence that he "was in constructive possession of the cocaine recovered from the Audi." Appellant's Brief at 22. He asserts that "Officer Goldschmidt never observed Appellant inside of the Audi, prior to arresting Appellant, Officer Goldschmidt had no independent source of evidence linking Appellant to the Audi. Further, it was established that Appellant was not the owner of the Audi. Neither was there any evidence establishing that Appellant was involved in a cocaine distribution enterprise, as police recovered no cocaine, incident to searches of Appellant's person or 217 Ellsworth Avenue, where Appellant allegedly resided." ***Id.*** at 22-23.

Although the facts relied upon by Appellant – from our reading of the notes of testimony from the **suppression** hearing – are not entirely

inaccurate, the trial court rebutted Appellant's argument with the following explanation.

> In order to establish possession with the intent to deliver, the Commonwealth must prove both possession of a controlled substance and the intent to deliver that substance.  35 P.S. §780-113(a)(30).  Possession of a controlled substance can be established either by a showing that the defendant had the substance on his person, actual possession, or that the defendant exercised dominion over the substance, constructive possession.  ***Commonwealth v. Macolino***, 503 Pa. 201, 204-06, 469 A.2d 132, 134 (1983).  Where drugs are not found on a defendant's person, constructive possession can be established by showing that the defendant had the power to control and intended to exercise such control over the drugs.  ***Commonwealth v. Davis***, 480 A.2d 1035, 1045 (Pa. Super. 1984).  The intent to control may be inferentially proven by the totality of the circumstances.  ***Macolino***, 503 Pa. at 206, 469 A.2d at 134.

> When viewing the evidence in a light most favorable to the Commonwealth, based upon the totality of the circumstances, this [trial] court submits that there was sufficient evidence to establish that [Appellant] exercised a "conscious dominion" over the cocaine recovered from the Audi in this case.  [Appellant] was observed discarding the key for the car.  Accordingly, prior to his encounter with the police in which he discarded this item, he had the ability and the power to control these drugs.  Based upon the totality of the circumstances, he also had the intent to exercise control over these drugs.

> Similarly, the [trial] court submits that there was sufficient evidence to establish that [Appellant] possessed the cocaine recovered from the Audi with the intent to deliver it.  35 P.S. §780-113(a)(30).  In

- 13 -

evaluating intent, courts examine all of the facts and circumstances surrounding a person's possession of drugs and drug paraphernalia. *Davis*, 480 A.2d at 1045.

In the case *sub judice*, [Appellant] possessed 18.8 grams of cocaine. *See* Commonwealth Exhibit CS-2. Numerous items of drug paraphernalia were found throughout his residence at 217 Ellsworth Street, including unused packaging material and a bottle of inositol. In addition, $2,000 cash and a firearm were found in the residence. Found among these items was mail addressed to [Appellant]. Officers did not locate any paraphernalia indicative of drug use in the residence.

Trial Court Opinion, 11/14/14, at 8-9 (footnote 15 omitted).

Noting that the record does not contain notes of testimony from the Appellant's trial,[3] our review of the record from the suppression hearing supports the trial court's factual findings and legal conclusions. Appellant resided at 217 Ellsworth Street with his girlfriend, Ms. Dorothea Dorsey. N.T., 1/4/13, at 34. Ms. Dorsey gave police written consent to search the residence. *Id.* at 33-34; Commonwealth Exhibit CS-1. During their search of the residence, police found a loaded .45 caliber handgun, unused packaging material, including zip top baggies, inositol, which is an agent used to cut cocaine and "break it down," and $2,000 in cash. *Id.* at 35-36; Commonwealth Exhibit CS-2. The police located indicia of residency for both Appellant and Ms. Dorsey; there was no indicia that anyone else resided in

_____

[3] The docket entries in the certified record indicate that Appellant's trial occurred on October 21, 2013 and November 13, 2013.

the home. *Id.* at 40. That same day, when police subsequently obtained a warrant and searched the Audi, they discovered "approximately 18.8 grams of cocaine in a clear, knotted sandwich bag." *Id.* at 37, 41. In addition, the police search of Appellant's person yielded $220 in cash. *Id.*

In light of the foregoing, Appellant has waived his sufficiency argument. However, even in the absence of waiver, it appears that there would have been sufficient evidence for the trial court to conclude that Appellant constructively possessed the cocaine found in the Audi.

We likewise find waiver relative to Appellant's fourth issue, in which Appellant claims that his conviction of possession of cocaine with the intent to deliver was against the weight of the evidence. After reviewing the record, we find "waiver within waiver," where the trial court determined that Appellant waived this issue by failing to comply with Pennsylvania Rule of Criminal Procedure 607.[4]

Pennsylvania Rule of Criminal Procedure 607 provides that a challenge to the weight of the evidence "shall be raised with the trial judge in a motion for a new trial" either "orally, on the record before sentencing; by written motion at any time before sentencing; or in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). Again, the record before us contains only the

---

[4] Appellant does not address the trial court's finding of Rule 607 waiver within his weight argument. *See* Appellant's Brief at 23-24.

notes of testimony from the January 4, 2013 suppression hearing, and Appellant's notice of appeal filed on May 1, 2014 does not indicate that he ordered the notes of testimony from either his trial or sentencing. We thus cannot determine whether Appellant orally claimed that his conviction was against the weight of the evidence. Further, our review of the certified record confirms that Appellant did not raise his weight claim in a written motion prior to sentencing, and the identical post-sentence motions, which Appellant filed on March 5, 2014 and March 26, 2014, did not raise a weight claim.[5] Accordingly, we agree with the trial court that "review of the record has failed to uncover a challenge to the weight of the evidence." Trial Court Opinion, 11/14/14, at 11.

Finally, in his fifth issue, Appellant argues that his sentence should be vacated because Section 7508 of the Crimes Code, which provided for penalties based on the aggregate weight of prohibited substances possessed by a defendant, has been held to be unconstitutional. Although Appellant concedes that he did not raise this issue at sentencing or in his Pa.R.A.P. 1925(b) statement, he asserts that this challenge is not waived, but is reviewable because it invokes the legality of his sentence. We agree. *See Commonwealth v. Mosley*, 114 A.3d 1072, 1088 (Pa. Super. 2014).

_____

[5] As noted by the trial court, Appellant "solely focused on the [trial] court's ruling on his motion to suppress." Trial Court Opinion, 11/14/14, at 11, n.16.

In his argument, Appellant cites **Alleyne v. United States**, 133 S.Ct. 2151 (2013). We recognize that it was this Court in **Mosley**, **supra** at 1087-91, which Appellant does not cite, where this Court specifically held 18 Pa.C.S.A. § 7508 to be unconstitutional. Appellant contends "at [his] sentencing hearing, the Commonwealth presented evidence that the weight of the cocaine recovered from Appellant totaled 18.8 grams." Appellant's Brief at 24. Although Appellant references the sentencing hearing, he fails to cite to it – or any notes of testimony – and as discussed **supra**, the sentencing transcript is not in the record. **See Preston**, **supra** at 7 (stating "It is not proper for … the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.").

Conversely, the Commonwealth argues that "the trial court did not offend **Alleyne** because [Appellant] was not sentenced to a mandatory minimum." Commonwealth Brief at 18. The Commonwealth states that Appellant's "standard range was 30 to 60 months and the trial court sentenced him in the low end of the standard range at 36 to 72 months incarceration." **Id.** at 19. The Commonwealth makes a single citation to notes of testimony from March 24, 2014, which are not contained in the certified record. The Commonwealth also contends, without citation, that "the trial court did not state that this was a mandatory minimum sentence and [Appellant's] criminal docket sheet does not reflect that it was a mandatory minimum sentence." **Id.**

Given the foregoing unsubstantiated assertions, and incomplete record before us, we are impeded from conducting meaningful review of Appellant's fifth issue concerning his sentence. Again we reference **Preston**.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere 'technicality' nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

**Preston**, **supra** at 7.

In sum, we find Appellant's two suppression issues to be meritless, and we are constrained to find waiver regarding Appellant's remaining issues. We therefore affirm the March 24, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judge Musmanno joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015

- 18 -