J-S02009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :       PENNSYLVANIA
  :
      v.   :
  :
  :
ERICK FINNEGAN   :
  :
     Appellant   :   No. 1068 EDA 2017

Appeal from the Judgment of Sentence October 19, 2016
In the Court of Common Pleas of Bucks County Criminal Division at No(s):
CP-09-CR-0002039-2016,
CP-09-CR-0002909-2016

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY BOWES, J.:            **FILED JUNE 18, 2018**

Erick Finnegan appeals from the judgment of sentence of one to two years incarceration imposed at 2909 of 2016 following the entry of his open guilty plea to abuse of a corpse; and the aggregate judgment of sentence of three and one-half to seven years incarceration plus ninety days imprisonment imposed at 2039 of 2016 following the entry of his open guilty pleas to retail theft, receiving stolen property, habitual offender, driving while operating privileges suspended or revoked, and driving without a license.  Specifically, he challenges the trial court's denial of his post-sentence motions to withdraw his guilty pleas and/or reconsider his sentences.  We affirm.

On January 26, 2016, Appellant met with his probation officer.  Later that day, Appellant stole a Nintendo 3 DS XL video game system from Kohl's

_____
* Retired Senior Judge Assigned to the Superior Court.

Department Store in Doylestown Township. When Kohl's loss prevention officers attempted to confront Appellant outside the store, he ran to his car and drove away. When police investigated, they learned that Appellant was a habitual offender and that his license was suspended as a result of a conviction for driving under the influence ("DUI"). He was arrested and charged with retail theft, receiving stolen property, habitual offender, driving while operating privileges suspended or revoked, and driving without a license.

On February 16, 2016, Appellant discovered that Stephanie Machen, a female friend of his, had fatally overdosed in his Philadelphia residence. Rather than contacting authorities or seeking medical help, Appellant drove her body to a desolate wooded area in Bensalem Township, and dumped it in thorny brush by the side of the road. Appellant later provided a full confession to police, and was charged at 2909 of 2016 for abuse of a corpse.

On October 19, 2016, Appellant entered counseled open guilty pleas to the above-referenced crimes. On that same date, the trial court sentenced him at both dockets. At 2909 of 2016, for abuse of a corpse, the trial court imposed a term of incarceration of one to two years, and ordered Appellant to pay a fine of $5,000. Although the sentence imposed for abuse of a corpse was the statutory maximum, the sentence was within the standard range of the sentencing guidelines due to Appellant's prior record score. At 2039 of 2016, the trial court sentenced Appellant as follows: two and one-

half to five years incarceration for retail theft, to be served concurrently to the sentence imposed at 2909 of 2016; one to two years incarceration for habitual offenders, to be served consecutively; and ninety-days incarceration for driving while operating privileges suspended or revoked, to be served consecutively. No further penalty was imposed on the remaining counts. In imposing the sentences for retail theft and habitual offenders, the trial court exceeded the sentencing guidelines, and imposed the statutory maximum sentence.

At both dockets, on October 25 and 27, 2016, Appellant filed *pro se* notices of appeal and post-sentence motions, which were forwarded by the trial court to his counsel. He also filed a PCRA petition.[1] On October 27, 2016, Appellant's counsel filed a post-sentence motion, and a motion

_____

[1] Our courts have made clear that a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). As Appellant was represented by counsel at the time he filed his *pro se* post-sentence motions and PCRA petitions, those filings were legal nullities. The trial court properly forwarded Appellant's *pro se* motions and petitions to counsel pursuant to Pa.R.Crim.P. 576(A)(4), and took no further action on them. However, while there is no right to hybrid representation, there is a right to appeal pursuant to Article 5, § 9 of the Pennsylvania Constitution. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1138 (Pa. 1993). Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016). The trial court therefore properly docketed the *pro se* notices of appeal and forwarded them to this Court pursuant to Pa.R.A.P. 902 (note).

seeking appointment of replacement counsel.[2]  The trial court granted the latter motion, appointed replacement counsel, and ordered new counsel to file amended post-sentence motions.  Counsel complied by filing motions at both dockets to withdraw guilty pleas and/or reconsider sentences.

The trial court conducted a hearing on the post-sentence motions on February 28, 2017.  On that same date, at 2039 of 2016, the trial court entered an order denying the motion for reconsideration of sentence.  No such order was entered at 2909 of 2016.  However, pursuant to Pa.R.Crim.P. 720(B)(3)(a), that motion was denied by operation of law on March 15, 2017.  The trial court ordered further briefing on the motions to withdraw guilty pleas.

At both dockets, on March 20, 2017, Appellant filed *pro se* notices of appeal.  Appellant also filed *pro se* concise statements of errors complained

_____

[2] When, as in this case, a timely post-sentence motion has been filed by counsel after a premature *pro se* notice of appeal, "the merely premature *pro se* appeal [does] not divest the trial court of jurisdiction to act upon the timely post-sentence motion later filed by appellee's own counsel in accordance with Criminal Rule 720(A)." **Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011).  Under these circumstances, the thirty-day period in which to appeal the judgment of sentence begins to run when counsel's post-sentence motion is denied.  **See** Pa.R.Crim.P. 720(A)(2). Here, although Appellant's *pro se* notices of appeal were filed prematurely, they were treated as timely filed on April 11, 2017, when the trial court entered its orders denying the motions to withdraw guilty pleas.  **See** Pa.R.A.P. 905(a)(5) (providing that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

of on appeal, which the court forwarded to his counsel. On April 11, 2017, the trial court entered its orders denying the motions to withdraw guilty pleas at both dockets. Appellant's counsel thereafter filed Pa.R.A.P. 1925(b) concise statements, and the trial court filed a Pa.R.A.P. 1925(a) opinion addressing the errors claimed at both dockets.

Appellant raises the following issues for our review:

A. Did the trial court err in denying Appellant's request to withdraw his plea of guilty where the colloquy into Appellant's understanding of the negotiation was insufficient and Appellant testified credibly at his post-sentence hearing that he did not understand the negotiation?

B. Did the lower court err in imposing a sentence of no less than three years and nine months nor more than seven years?

Appellant's brief at 4.

Turning to Appellant's first issue, we begin by setting forth our standard of review. In **Commonwealth v. Broaden**, 980 A.2d 124 (Pa.Super. 2009), we summarized the principles governing post-sentence motions to withdraw guilty pleas:

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

**Id**. at 129 (citations omitted).

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa.Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion

> imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Shaffer***, 712 A.2d 749, 751 (Pa. 1998) (citation omitted).

We begin by examining the trial court's rationale for denying the post-sentence motion to withdraw guilty plea.

> Prior to the pleas being entered, the Commonwealth placed the plea agreement [reached with Appellant] on the record. The prosecutor advised the [trial c]ourt, "there is a negotiation as far as each case running concurrent with each other, but the sentence is to be determined by Your Honor on each." Shortly thereafter, it was again placed of record that the sentence imposed on each case was to run concurrent but not coterminous. After explaining the elements of the crimes and the maximum sentence for each offense, [the trial c]ourt reiterated the agreement, stating "[t]he agreement you entered into is that these two cases shall run at the same time." [The trial court] then inquired, "Is that what you agreed to?" [Appellant] responded, "Yes, ma'am."
>
> The agreement that was read into the record, in the presence of [Appellant], did not require imposition of a term of incarceration

- 6 -

and did not limit the length of the sentence should a period of incarceration be imposed. [Appellant] confirmed, under oath, that the agreement, as stated on the record, was in fact the plea agreement. He cannot now be heard to claim otherwise.

. . . .

The plea agreement was not a complicated one and was clearly stated on the record. At the hearing on [Appellant's] post – sentence motions, [Appellant] admitted he was present and listening when the negotiation was read into the record. [Appellant] is a highly[-]educated man with two college degrees. He does not suffer from any mental condition that would hinder his ability to understand what was occurring. He at no time questioned or attempted to clarify the agreement as stated. There was therefore no reason to make further inquiry with regard to [Appellant's] understanding of the plea agreement.

Trial Court Opinion, 7/26/17, at 5 (footnotes omitted).

Appellant attacks this conclusion by asserting that, pursuant to his understanding of the plea agreement, he was to receive a concurrent aggregate sentence of one to two years incarceration. He claims that the trial court's colloquy was insufficient because Appellant was not asked to explain his comprehension of the bargain. Appellant's brief at 9-10.

Upon review, we discern that the trial court abided by the terms of the plea agreement with Appellant and, therefore, there was no manifest injustice. At the guilty plea hearing, the Commonwealth stated the terms of the plea agreement on the record. *See* N.T. Guilty Plea, 10/19/16, at 3-4. Specifically, the prosecutor informed the trial court that "[t]here is a negotiation as far as each case running concurrent with each other, but the sentence is to be determined by Your Honor on each." *Id*. at 4. The trial

court then conducted an extensive oral colloquy on the record. *Id*. at 7-14, 24-34. It explained each offense to which Appellant was pleading guilty, and the statutory maximum sentence that could be imposed for each. *Id*. at 15-21. It also explained the difference between concurrent and consecutive sentences, and then stated, "In this particular case . . . [t]he agreement that you entered into is that these two cases shall run at the same time. Is that what you agreed to?" *Id*. at 22-23. Appellant responded in the affirmative. *Id*. at 23.[3]

Importantly, the record does not bear out any agreement for a specific term for any of the offenses to which Appellant pled guilty. Nor is there any evidence of an express agreement that compelled the trial court to impose concurrent sentences on any of the counts contained at 2039 of 2016. Thus, it was within the trial court's discretion to impose consecutive sentences on the individual counts at that docket.

As the record reflects that the plea agreement required only that the two cases would run concurrently, we conclude that Appellant received the benefit of his bargain. After sentencing Appellant at 2909 of 2016 to one to two years incarceration for abuse of a corpse, the trial court then sentenced

---

[3] Additionally, the Commonwealth issued written colloquies at both dockets which asked "Have any promises been made to you to enter a plea of guilty, other than any plea agreement that has been negotiated for you by yourself or your attorney?" Written Colloquies, 10/19/16, at 6. Appellant answered each in the negative. *Id*.

Appellant to a term of two and one-half years incarceration for retail theft at 2039 of 2016 noting, "[t]hat sentence shall be run concurrent to the sentence that was imposed on the – on 2909 of 2016 pursuant to the agreement that you entered with the Commonwealth." *Id*. at 115. Accordingly, there is no manifest injustice that would support the post-sentence withdrawal of Appellant's guilty pleas. Thus, Appellant's first issue lacks merit.

In his second issue, Appellant contends that the trial court abused its discretion by imposing a manifestly excessive sentence. This claim challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa.Super. 2015); *see also* 42 Pa.C.S. § 9781(b).

> Prior to reaching the merits of a discretionary sentencing issue,
>
> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.[] § 9781(b).

*Moury*, *supra* at 170 (citation omitted). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa.Super. 2010).

In the instant case, Appellant filed a timely notice of appeal and preserved his discretionary sentencing claims in a timely post-sentence motion. Appellant included in his appellate brief a separate Rule 2119(f) statement, wherein he claims that (1) the trial court imposed "a manifestly excessive sentence resulting in too severe a punishment under all the circumstances, particularly when considering that Appellant pled guilty and had a troubled background and history of addiction;" and (2) the trial court "relied primarily on the nature of the crime." Appellant's brief at 10.

"[A]n excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244 (Pa.Super. 2014); *see also Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015) (holding that a claim that imposition of consecutive sentences was unduly excessive, together with a claim that the trial court failed to consider rehabilitative needs, presented a substantial question). Additionally, "[a] claim that the trial court focused exclusively on the seriousness of the crime

while ignoring other, mitigating circumstances, such as his mental health history and difficult childhood, raises a substantial question." *Commonwealth v. Knox*, 165 A.3d 925, 929-30 (Pa.Super. 2017). We therefore find that Appellant presents a substantial question.

Accordingly, we proceed to review the merits of Appellant's claim, mindful of the following standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> . . . .
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa.Super. 2014).

Further, the trial court exercises considerable discretion when sentencing a defendant. Although the Commission on Sentencing has promulgated sentencing guidelines, those guidelines are not mandatory. *Id*. at 760. We note,

> In every case where the court imposes a sentence . . . outside the guidelines adopted by the Pennsylvania Commission on Sentencing . . . the court shall provide a contemporaneous written statement of the reason or reasons for the sentence on the record and in the defendant's presence. However, this

- 11 -

requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.

*Id*.

Appellant contends, in a rather conclusory fashion, that application of the guidelines was unreasonable because "a [r]eview of the sentencing transcript suggests that [the trial judge] failed to seriously consider Appellant's rehabilitative needs, and troubled background." Appellant's brief at 13. According to Appellant, he suffers from bi-polar disorder and, rather than deal with his illness, he turned to drugs. He also claims that the trial court's primary focus was on the severity of the crime of abuse of a corpse, and its frustration as to the legislatively mandated two-year maximum sentence for that crime. *Id*. at 12-13.

This argument ignores the multitude of countervailing factors considered by the trial court. To wit, the trial court noted that Appellant was forty-five-years-old at the time of sentencing, was a "life-long criminal," had a prior record score of five, and prior convictions for, *inter alia*, criminal trespass, altered plates, forgery, receiving stolen property, recklessly endangering another person, driving under the influence, habitual offender, retail theft, and false identification. N.T. Sentencing, 10/9/16, at 46-48, 109-14, 119. The trial court also considered the particular circumstances of the offense and the character of Appellant. *Id*. It further recognized that

Appellant had engaged in dangerous and abusive behavior for over twenty-five years, and that all prior attempts at rehabilitation had failed. *Id*. All of these considerations were clearly weighed by the trial court in making its sentencing decision.

The trial court did not, contrary to Appellant's assertions, reflexively impose its sentence merely on the basis of the seriousness of the offense of abuse of a corpse. Rather, the trial court appropriately considered "the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The trial court concluded that the seriousness of the offenses, in light of Appellant's lifetime of criminal activity and commission of additional crimes while on probation, warranted the statutory maximum for the crimes of retail theft and habitual offender. "Once again, you have demonstrated to me beyond any question that you do not appreciate the seriousness of your crimes[, and] that you will continue to engage in criminal conduct. You have been doing it since 1991." N.T. Sentencing, 10/19/16, at 109.

Accordingly, Appellant's argument does not persuade us that the trial court's application was irrational. Rather, his argument is little more than an invitation to reweigh the various factors in his favor and override the trial court's sound judgment. The sentencing court merely chose not to give the

mitigating factors as much weight as Appellant would have liked, and decided that the facts did not warrant imposition of a sentence lower than the maximum permitted by law for the crimes of retail theft and habitual offender.

Since the trial court complied with the directives of section 9721(b), we are left with the task of assessing the reasonableness of the sentence pursuant to the elements set forth in § 9781(d). *Commonwealth v. Walls*, 926 A. 2d 957, 964 (Pa. 2007). We are obligated to consider the record in light of

> (1)   The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2)   The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3)   The findings upon which the sentence was based.
>
> (4)   The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d). We may reverse only if application of the guidelines would be clearly unreasonable under the circumstances. 42 Pa.C.S. § 9781(c)(2).

Instantly, Appellant's sentence of one to two years for abuse of a corpse falls in the standard range of the sentencing guidelines. However, due to his prior record score of five, the standard range sentence was the statutory maximum. Our standard of review limits our ability to vacate and remand where the court sentenced within the guidelines. *See Moury*,

*supra* at 171 (holding that a sentence that is within the standard range of the guidelines is generally viewed as appropriate under the Sentencing Code). Here, Appellant took the body of a female friend, who had overdosed in his residence, and drove thirty-three minutes before dumping it in the thorny, brushy roadside in a desolate, wooded area. N.T. Guilty Plea, 10/19/16, at 36, 39. Moreover, the court thoroughly explained its reasons for its sentence on the record. *Id*. at 84-96. Under these circumstances, application of the guidelines was not unreasonable. Thus, Appellant's excessive sentencing challenge in relation to his conviction of abuse of a corpse is meritless.

Similarly, Appellant's sentence for driving while operating privileges suspended or revoked was not unreasonable. The trial court noted on the record that it was statutorily required to impose a mandatory fine of $500, along with a sentence of either sixty or ninety-days incarceration. The trial court determined that this was an aggravated case because Appellant was driving under a DUI-related suspension, and thus imposed a ninety-day sentence.[4] *See id*. at 116. Under these circumstances, application of the guidelines was not unreasonable, and Appellant's challenge fails.

_____

[4] We further observe that the minimum-maximum sentencing provision of 42 Pa.C.S. § 9756(b)(1) pertinent to all criminal sentences yields to the more specific minimum-maximum sentencing paradigm applicable to persons convicted of 75 Pa.C.S. § 1543(b) for driving with a suspended license when the license was suspended as a result of a prior DUI conviction.
*(Footnote Continued Next Page)*

With regard to Appellant's remaining convictions, the trial court deviated upwards from the standard range of the sentencing guidelines by imposing the statutory maximum sentence permitted for retail theft and habitual offenders. Again, the trial court acknowledged the sentencing guidelines, identified the applicable ranges, and stated its reasons on the record for imposing the statutory maximum for each conviction. In so doing, the court noted Appellant's failure to appreciate the seriousness of his crimes, continued commission of crimes even when on probation, failure to take responsibility for his actions, fleeing from the retail theft crime scene, and his habitual failure to abide by the crimes code, vehicle code and conditions of supervision. *See id*. at 109-112. Under these circumstances, application of the statutory maximum was not clearly unreasonable.

Thus, in light of the sentencing guidelines, Appellant's extensive criminal background, and the facts and circumstances of the crimes committed, we cannot find that the aggregate sentence imposed by the trial court was clearly excessive or unreasonable. Hence, we affirm.

Judgment of sentence affirmed.

_____

*(Footnote Continued)*

*See Commonwealth v. Klingensmith*, 650 A.2d 444, 447 (Pa. Super. 1994). Therefore, as Appellant was convicted of section 1543(b), the trial court was entitled to impose a flat ninety-day sentence for that crime. *See id*.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/18